UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**THOMAS RUSSELL HENRICH**,                                     :
                                                                :
                              Plaintiff,                        :   **MEMORANDUM DECISION AND**
                                                                :   **ORDER**
            – against –                                         :
                                                                :   22-CV-3472 (AMD)
                                                                :
**ACTING COMMISSIONER OF SOCIAL**                               :
**SECURITY**,                                                   :
                                                                :
                              Defendant.                        :
                                                                :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the plaintiff's counsel's motion for $45,183.67 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (ECF No. 20.) The Commissioner takes no position on the motion. (ECF No. 21 at 1–2.) For the reasons explained below, the motion is granted.

## BACKGROUND

The plaintiff applied for Social Security disability insurance benefits on December 20, 2017, with an alleged onset date of August 28, 2017. (ECF No. 7 at 596.) The Social Security Administration ("SSA") denied his claim, and the plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id*.) The ALJ denied the plaintiff's claim, finding that the plaintiff was not disabled at any time since August 28, 2017. (*Id*.) The Appeals Council granted the plaintiff's request to review the decision and remanded the case to an ALJ for "further evaluation of the [plaintiff's] mental impairment." (*Id*. at 615.) On remand, the ALJ again denied the plaintiff's claim, finding that the plaintiff was not disabled at any time since August 28, 2017. (*Id*. at 623.) The Appeals Council declined the plaintiff's request to review the decision. (*Id.* at 6.)

In May 2022, the plaintiff retained the law firm Charles E. Binder and Harry J. Binder Attorneys at Law LLP to appeal the Commissioner's denial of benefits to this Court and to represent him in any subsequent proceedings if the Court remanded the case. (ECF No. 20-5 at 2 (Ex. A, Retainer and Assignment).) The plaintiff signed a fee agreement that provides that counsel "is to receive up to twenty-five percent [] of any past dues benefits" if the appeal is successful (*id.* ¶ 1) and "[f]ees must be approved by a reviewing federal court pursuant to §406(b) of the Social Security Act and/or by the Social Security Administration pursuant to §406(a)" (*id.* ¶ 3).[1]

On June 13, 2022, the plaintiff, through counsel, filed a complaint in this Court. (ECF No. 1.) On March 14, 2023, the Court granted the parties' joint motion to remand the case for the case for further proceedings. (ECF No. 16.) The Court subsequently awarded $10,800.00 in attorney's fees pursuant to the parties' stipulation under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 19.)

On remand, the SSA awarded the plaintiff $180,734.68 in past-due benefits, withholding $45,183.67 — 25 percent of those benefits — to pay the plaintiff's counsel, subject to court approval. (ECF No. 20-5 at 9 (Ex. C, SSA Notice of Award).) On May 3, 2024, the plaintiff's counsel filed this motion, seeking an order directing the SSA to disburse $45,183.67. (ECF No. 20-2 at 5.)[2] The defendant does not oppose the amount, but requests that the Court "decline to include language directing that the Commissioner 'pay' the award" or, alternatively, that "the

---

[1] While the fee agreement does not say anything about refunding EAJA fees, counsel states in his affirmation that he will refund to his client the previously awarded EAJA fees if the Court awards the requested attorney's fees. (*See* ECF No. 20-4 ¶ 12 (Ex. A, Plaintiff's Counsel's Affirmation in Support of the Motion).)

[2] According to the filings, attorneys Charles Binder and Daniel Jones handled the plaintiff's case. (*See* ECF No. 20-4 ¶¶ 7, 9 (Ex. A, Plaintiff's Counsel's Affirmation in Support of the Motion); ECF No. 20-5 at 5 (Ex. B, Attorney Timesheet).)

2

Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (ECF No. 21 at 2.) The plaintiff's counsel does not oppose the Commissioner's request.

## LEGAL STANDARD

Section 406(b) permits the Court to award a "reasonable fee" "not in excess of 25 percent of the total of the past-due benefits" to the prevailing plaintiff's attorney. 42 U.S.C. § 406(b)(1)(A). The Second Circuit has held that a court's determination of reasonableness under Section 406(b) "should 'begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Long v. Comm'r of Soc. Sec.*, No. 18-CV-1146, 2020 U.S. Dist. LEXIS 208410, at *4 (E.D.N.Y. Nov. 6, 2020) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

To determine whether a contingency fee is "reasonable," courts consider, among other things: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 U.S. Dist. LEXIS 76661, at *3–4 (E.D.N.Y. July 15, 2011) (citing *Wells*, 907 F.2d at 372). In making this determination, courts evaluate the gross amount of attorney's fees to be awarded, rather than a net fee awarded under Section 406(b) after offsetting an EAJA award. *See, e.g.*, *Reyes v. Berryhill*, No. 17-CV-7214, 2021 U.S. Dist. LEXIS 55634, at *9–11 (E.D.N.Y. Mar. 24, 2021).

Whereas EAJA fees "are paid by the government to the litigant to defray the cost of legal services," fees under Section 406(b) "are paid by the litigant to the attorney from the past-due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988). A court may award attorney's fees under both EAJA and Section 406(b), but the plaintiff's attorney "must refund to

3

the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citation omitted).

## DISCUSSION

The plaintiff's attorneys seek 25 percent of the plaintiff's award of past-due benefits, which is reasonable. The plaintiff agreed that counsel could seek a fee of "25%[] of any past-due benefits" if counsel obtained an award. (*See* ECF No. 20-5 ¶ 1 (Ex. A, Retainer and Assignment).) The 25 percent fee comports with the statutory cap. *See* 42 U.S.C. § 406(b)(1)(A). Nothing in the record suggests that the fee agreement was the product of fraud or overreaching, or that counsel was ineffective or caused unnecessary delay. In fact, counsel was effective; because of their advocacy, the Court remanded the case, and the SSA ultimately awarded the plaintiff past-due benefits.

Nor would the $45,183.67 fee produce a windfall for counsel. Courts evaluate whether an award would be a "windfall" by considering the "de facto hourly rate," "ability and expertise of [counsel]," "the nature and length of the professional relationship with the claimant," "the satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022). Mr. Binder and Mr. Jones spent 47.80 hours on the plaintiff's appeal, yielding a $945.27 effective hourly attorney rate. (*See* ECF No. 20-4 ¶¶ 7, 9 (Ex. A, Plaintiff's Counsel's Affirmation in Support of the Motion); ECF No. 20-5 at 5 (Ex. B, Attorney Timesheet).) That number is well "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Dorta v. Saul*, No. 18-CV-396, 2021 U.S. Dist. LEXIS 37732, at *5–6 (S.D.N.Y. Mar. 1, 2021) (citations omitted); *see also, e.g.*, *James C. v. Comm'r of Soc. Sec'y*, No. 20-CV-1008, 2023 U.S. Dist. LEXIS 207734, at *7 (W.D.N.Y. Nov. 20, 2023) (finding a de facto hourly rate of $2,047.00 did not constitute "windfall" to

4

counsel); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637–38 (S.D.N.Y. 2018) (collecting cases that approved *de facto* hourly fees ranging from $1,072.17 to $2,100.00).

The lawyers also have extensive experience in Social Security disabilities representation. Mr. Jones has spent over 10 years practicing "exclusively in the area of federal court appeals of Social Security disability claims;" Mr. Binder has worked "a number of years . . . almost exclusively on Social Security disability cases," including "thousands of administrative hearings and federal appeals." (ECF No. 20-4 ¶¶ 8, 10.) The attorneys have represented the plaintiff since May 2019, including through multiple appeals and the district court proceedings (ECF No. 20-2 at 4), and achieved a successful outcome for the plaintiff, which was by no means "certain." *See Fields*, 24 F.4th at 855 ("Lawyers who operate on contingency — even the very best ones — lose a significant number of their cases and receive no compensation when they do."); *Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). For these reasons, $45,183.67 is an appropriate fee.

Finally, the parties are correct that where the fee awards are made under both the EAJA and Section 406(b), the SSA must disburse the entire Section 406(b) award to the plaintiff's counsel, who must then refund the smaller award to the plaintiff. (ECF No. 20-4 ¶ 12; ECF No. 21 at 4.) *See Gisbrecht*, 535 U.S. at 796; *Wells*, 855 F.2d at 41–42.

## CONCLUSION

The plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is granted.  The Commissioner is directed to release $45,183.67 to counsel from the plaintiff's withheld past-due benefits, in accordance with agency policy.  Upon receipt of that award, counsel must promptly refund the plaintiff $10,800.00, the fee amount that counsel previously received under the EAJA.  The case remains closed.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              _____
                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
          September 3, 2024